William A. Bagley v. Commissioner.
Bagley v. Commissioner
Docket No. 27504.
United States Tax Court
1951 Tax Ct. Memo LEXIS 69; 10 T.C.M. (CCH) 1001; T.C.M. (RIA) 51308; October 19, 1951
*69 Julius E. Bagley, Esq., 50 Court St., Brooklyn, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in petitioner's income tax for the year 1946 in the amount of $3,039.46. The sole question is whether loans made by petitioner to a corporation in which he was active and owned one-half the stock created a "non-business" debt within the meaning of Section 23 (k) (4) of the Internal Revenue Code. Findings of Fact The petitioner is an individual and filed his income tax return for the year 1946 with the collector of internal revenue for the first district of New York. In 1934, petitioner and one Joseph Brust organized and incorporated the Bruley Novelty Company (referred to herein as "Bruley"), which was engaged in the manufacture of wooden buttons and novelties. Fifty per cent of the outstanding stock was owned at all times by petitioner, and the remaining fifty per cent by Brust. Petitioner was secretary-treasurer, and was active in the management of Bruley's affairs. He bought and installed machinery, designed dies, and worked out *70 manufacturing methods. He received a salary from Bruley, but it never exceeded $25 a week. From 1920 to 1946, petitioner's principal source of income was his employment as a commission salesman with Titanine, Inc., a corporation that had no connection whatever with Bruley. In 1946, he received $41,240.65 from Titanine, Inc., as commissions. His yearly average of commissions from Titanine was about $7,000 or $8,000. Prior to 1946, petitioner at various times made loans to Bruley in the aggregate amount of $14,630. Bruley was liquidated in 1946, and petitioner recovered $9,664.25. There remained unpaid indebtedness in the amount of $4,965.75, which petitoner claimed as a bad debt deduction in full in his income tax return for 1946. At no time has petitioner ever been engaged in the business of lending money or financing corporations. The only activities of petitioner between 1934 and 1946 were his employment by Titanine and Bruley. Opinion RAUM, Judge: Although Section 23 (k) of the Internal Revenue Code allows deductions for all bad debts, the loss in case of a bad debt not incurred in the taxpayer's "trade or business" is subject to the limitations *71 applicable to short term capital losses. See Section 23 (k) (4). The deficiency herein was asserted because the Commissioner determined that the debt had not been incurred in petitioner's trade or business and was therefore subject to the statutory limitations applicable to non-business debts. Petitioner was not in the business of lending money, nor was he in the business of organizing or financing corporations. The business of the corporation may not be treated as his business, and the debt therefore cannot be regarded as incurred in his "trade or business". Jan G. J. Boissevain, 17 T.C. - A. Kingsley Ferguson, 16 T.C. 1248; Omaha Nat. Bank v. Commissioner, 183 Fed. (2d) 899 (C.A. 8); Dalton v. Bowers, 287 U.S. 404; Burnet v. Clark, 287 U.S. 410. This case is unlike Weldon D. Smith, 17 T.C. 135, where the taxpayer's practice of investing in or lending money to a number of businesses was thought to be a significant factor in removing it from the foregoing line of decisions. No such circumstances are present here. This case is ruled by the decision in the Boissevain case. Decision will be entered for the respondent. *72